UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

QUENTON DARVON DAVIS,

    Plaintiff,

        v.                         CAUSE NO. 1:21-CV-344-WCL-SLC

CHAD RAY, et al.,

    Defendants.

OPINION AND ORDER

Quenton Darvon Davis, a prisoner without a lawyer, was ordered to show cause why he has not paid the initial partial filing fee assessed by the court. (ECF 5.) Upon review of his response and the inmate trust fund ledgers attached thereto (ECF 6), the court will discharge the show cause order and proceed to screening of the complaint. Mr. Davis is reminded that he remains obligated to pay the filing fee over time in accordance with 28 U.S.C. § 1915(b)(2).

Under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr.

Davis is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Davis is incarcerated at the Allen County Jail. He claims that he tried to obtain copies of grievance records he filed in connection with another civil rights suit he has pending in this District, *Davis v. Ray*, No. 1:21-CV-330-HAB-SLC (N.D. Ind. filed Aug. 27, 2021) ("the 330 case"). He states that he wanted the grievance records to show to that he exhausted his administrative remedies in the 330 case. He claims Officer Wiese (first name unknown) would not give him the copies he requested. He then raised the issue with Officer Chad Ray, who also allegedly refused to give him the copies. Finally, he complained to Captain Sickafoose (first name unknown), the jail commander, but he allegedly did nothing about the matter. Mr. Davis believes these defendants are trying to prevent him from proving that he exhausted his administrative remedies in the 330 case and are thus denying him access to the courts.

Prisoners are entitled to meaningful access to the courts. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). However, there is no "abstract, freestanding right" to the courts or to legal materials. *Id.* Instead, an access-to-the-courts claim hinges on whether there is prejudice to a non-frivolous legal claim related to the prisoner's "conviction, sentence, or conditions of confinement." *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006). In other words, "only if the defendants' conduct prejudices a potentially meritorious [claim] has the right been infringed." *Id.* Thus, to state a claim, the inmate is required to "spell out" the connection between the denial of access to the courts and the resulting prejudice to a potentially meritorious legal claim. *Id.* Additionally, the Constitution

2

does not require that prisons provide a grievance procedure, and the existence of an internal grievance procedure does not create any constitutionally guaranteed rights. *Daniel v. Cook Cty.*, 833 F.3d 728, 736 (7th Cir. 2016).

Mr. Davis has not alleged a plausible claim for the denial of access to the courts. There is no indication from his complaint that the defendants' actions have prejudiced his ability to pursue a non-frivolous claim in the 330 case, or with respect to any other non-frivolous legal claim. To the contrary, in the 330 case, he was recently granted leave to proceed on a claim related to the denial of medical care. *Davis*, No. 1:21-CV-330-HAB-SLC (N.D. Ind. order dated Dec. 17, 2021). If exhaustion ultimately becomes an issue in that case, Mr. Davis is free to argue that he was prevented from exhausting and thus had no remedies that were "available" for purposes of 42 U.S.C. § 1997e(a). *See Woodford v. Ngo*, 548 U.S. 81 (2006). However, his allegations about interference with his grievance records do not give rise to an independent constitution claim.[1] *Daniel*, 833 F.3d at 736. To the extent he is claiming that jail policies were not followed, a violation of administrative rules or other state law does not give rise to a federal constitutional claim. *Wozniak v. Adesida*, 932 F.3d 1008, 1011 (7th Cir. 2019) ("[A] constitutional suit is not a way to enforce state law through the back door.").

---

[1] Mr. Davis attaches what purports to be a letter from an attorney asking him to provide more details about his claim in connection with an apparent request for representation. (ECF 1-1 at 4.) The letter does not reference any particular case number or describe the claim at issue, and Mr. Davis has multiple lawsuits pending in this District. There is also no indication from this letter that the attorney refused to take his case because he could not provide grievance records, or that his ability to pursue any non-frivolous legal claim was otherwise impaired. The court notes that exhaustion is an affirmative defense on which defendants would bear the burden of pleading and proving in the 330 case. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

Therefore, the complaint does not state a claim upon which relief can be granted. In the interest of justice, the court will allow Mr. Davis an opportunity to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible constitutional claim against these defendants, consistent with the allegations he has already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **February 14, 2022**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on January 24, 2022.

s/William C. Lee  
JUDGE WILLIAM C. LEE  
UNITED STATES DISTRICT COURT